IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ANDREW RUIZ,                              )
                                          )
                    Plaintiff,            )
                                          )
vs.                                       )    Case No. 17-cv-0107-SMY
                                          )
                                          )
SUZANN BAILEY,                            )
JOHN BALDWIN,                             )
MIKE FISHER,                              )
JACQUELINE LASHBROOK,                     )
VIPIN SHAH,                               )
COMMISSARY OWNER, and                     )
LARUE LOVE                                )
                                          )
                    Defendants.           )

# **MEMORANDUM AND ORDER**

**YANDLE, District Judge:**

Plaintiff Andrew Ruiz, an inmate currently incarcerated at Pinckneyville Correctional Center ("Pinckneyville"), brings this pro se action for alleged violations of his constitutional rights under 42 U.S.C. § 1983. Specifically, Plaintiff alleges that Defendants conspired to violate his Eighth and Fourteenth Amendment rights by serving him a soy-based diet. He seeks compensatory and punitive damages and fees.

This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to promptly screen prisoner Complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

1

During the pendency of this action, it came to the Court's attention that another inmate at Pickneyville had been filing soy-diet cases without the consent of the named plaintiffs and in some cases, forging the signature of the named plaintiffs. The Court therefore took the unusual step of asking Plaintiff Ruiz to confirm his intention to proceed with the case as filed. (Doc. 11). On May 23, 2017, Plaintiff filed a Response to the Court's Order stating, "my lawsuit is not bogus and I would like to continue on with suit." (Doc. 12). This satisfies the Court that Plaintiff's suit is legitimately filed.

## **The Complaint**

Plaintiff entered Pickneyville sometime in 2015. (Doc. 1, p. 6). Since arriving, he began eating a soy-based diet that was devoid of fresh fruit. *Id.* Plaintiff complained to Defendants Lashbrook and Love in November 2016 as both defendants were coming out of the chow hall. (Doc. 1, p. 7). Lashbrook told Plaintiff to eat more commissary items if he didn't like what was being served in chow hall. *Id.* When Plaintiff objected that commissary prices were too high, Lashbrook told him that she didn't give "a fuck." *Id.* Lashbrook also told him that if he didn't want to eat prison food, he should stay out of prison. *Id.*

Plaintiff experienced extreme gas and constipation. *Id.* On one occasion, he went 9 days without a bowel movement. *Id.* When he finally had a movement, he tore his anus and the feces clogged the toilet up. *Id.* There was blood all over. *Id.* Plaintiff saw Defendant Dr. Shah in the hallway and told him about his constipation and the tear, but Shah told him that he did not know what he was talking about and that he just needed to drink more water. *Id.* Shah then refused to examine him or provide treatment. *Id.* Plaintiff also suffers from headaches and depression as a result of the soy diet (Doc. 1, p. 8).

Plaintiff alleges that the food situation is part of a conspiracy and that Defendant Fisher and others have taken "real" food and loaded it up in their cars. *Id.* Plaintiff has been forced to spend large amounts of money at the commissary purchasing adequate food. *Id.* On one occasion, he saw the commissary owner out and told him that prices were too high. *Id.* The commissary owner told the inmates that he would never eat the dining hall food and that they were better off eating commissary items. *Id.*

Plaintiff wrote to the IDOC director (Defendant Baldwin) and Defendant Bailey, but was ignored. *Id.*

## Discussion

Based on the allegations, the Court finds it convenient to divide the *pro se* Complaint into 4 counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion regarding their merit. The following claim survives threshold review:

> **Count 1 –** Eighth Amendment claim against Shah for being deliberately indifferent to Plaintiff's constipation and torn anus;

The following claims will be dismissed at this time:

> **Count 2 –** Defendants were deliberately indifferent to Plaintiff's health in violation of the Eighth Amendment when they developed and served a soy diet;
>
> **Count 3 –** Defendants conspired to serve Plaintiff a soy diet in deliberate indifference to his health in violation of the Eighth Amendment in order to maximize prison commissary profits,
>
> **Count 4 –** Fourteenth Amendment claim against Defendants Baldwin and Bailey for failing to respond to communications.

**Count 1**

Prison officials impose cruel and unusual punishment in violation of the Eighth Amendment when they are deliberately indifferent to a serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Chatham v. Davis*, 839 F.3d 679, 684 (7th Cir. 2016). In order to state a claim for deliberate indifference to a serious medical need, an inmate must show that he 1) suffered from an objectively serious medical condition; and 2) that the defendant was deliberately indifferent to a risk of serious harm from that condition. *Petties v. Carter*, 836 F.3d 722, 727 (7th Cir. 2016).

An objectively serious condition includes an ailment that has been "diagnosed by a physician as mandating treatment," one that significantly affects an individual's daily activities, or which involves chronic and substantial pain. *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997). The subjective element requires proof that the defendant knew of facts from which he could infer that a substantial risk of serious harm exists, and he must actually draw the inference. *Zaya v. Sood*, 836 F.3d 800, 804 (7th Cir. 2016) (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).

"Delaying treatment may constitute deliberate indifference if such delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (internal citations and quotations omitted); *see also Farmer v. Brennan*, 511 U.S. 825, 842 (1994). However, the Eight Amendment does not give prisoners entitlement to "demand specific care" or "the best care possible," but only requires "reasonable measures to meet a substantial risk of serious harm." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Deliberate indifference may also be shown where medical providers persist in a course of treatment known

to be ineffective. *Berry v. Peterman*, 604 F.3d 435, 441-42 (7th Cir. 2010); *Greeno v. Daley*, 414 F.3d 645, 655 (7th Cir. 2005).

Plaintiff's claim, that he suffered from constipation so severe that he tore his anus, makes it plausible that he suffered from a serious medical condition. Plaintiff alleges that he complained about his condition to Dr. Shah and that Shah refused to examine him or provide any treatment. These allegations are sufficient to state a claim for deliberate indifference at this stage.

However, the Court views this claim as separate and distinct from Plaintiff's other claims regarding a soy diet. Additionally, constipation is the only medical issue that the Complaint unambiguously alleges that Plaintiff presented to a medical care provider. The Court does not construe the Complaint as alleging that he sought medical care or treatment for his gas, headaches or depression. To the extent that Plaintiff is attempting to state medical deliberate indifference claims based on the treatment of those conditions, the claim is dismissed without prejudice for failure to state a claim.

**Count 2**

Prison conditions that deprive inmates of basic human needs, such as inadequate nutrition, health or safety may constitute deliberate indifference under the Eighth Amendment. *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981); s*ee also James v. Milwaukee Cnty.*, 956 F.2d 696, 699 (7th Cir. 1992). The deliberate indifference standard is satisfied if the plaintiff shows that a prison official acted or failed to act despite the official's knowledge of a substantial risk of serious harm to the plaintiff posed by the conditions. *Farmer v. Brennan*, 511 U.S. 825, 842, 847 (1994).

A number of courts have rejected inmates' claims that a soy diet puts them at risk of

serious harm.  For example, in *Harris v. Brown*, No. 07-CV-3225, 2014 WL 4948229 (C.D. Ill. Sept. 30, 2014), the court appointed attorneys and experts for the plaintiffs, but ultimately concluded after reviewing the expert reports and noting the ubiquity of soy in the american diet that, "society today simply does not see soy protein as a risk to the general population, much less a serious risk." *Id*. at *4.  The court granted summary judgment to the defendants, noting that even if it accepted the plaintiffs' expert opinions, they did not conclusively establish that soy protein created a risk, only that "the safety of soy is a topic of current debate and study."  *Id.* Other courts have reached the same conclusion, albeit on a less developed record.  *See Riley-El v. Godinez*, No. 13 C 8656, 2015 WL 4572322 at *4 (N.D. Ill. July 27, 2015) ("[T]he alleged risks posed by consuming a soy-rich diet to not rise to the level of an Eighth Amendment violation."); *Munson v. Gaetz*, 957 F.Supp.2d 951, 954 (S.D. Ill. 2013) (finding that defendants were entitled to qualified immunity because no court has found soy to be harmful); *Smith v. Rector*, No. 13-cv-837, 2013 WL 5436371 (S.D. Ill. Sept. 30, 2013)(dismissing claim on vague allegations that prison meals contained too much soy); *Adams v. Talbor*, No. 12-2221, 2013 WL 5940630 (C.D. Ill. Nov. 6, 2013) (dismissing prisoner's claim that a soy based diet caused him to experience stomach problems).

Based on the foregoing authority, to the extent that Plaintiff is attempting to allege that a soy diet is an unconstitutional condition of confinement, the claim falls.  The alleged risks associated with a soy diet do not rise to the level of a serious harm under the Eighth Amendment.

Alternatively, Defendants are entitled to qualified immunity as to the alleged general health risks of consuming soy.  Qualified immunity shields government officials from liability where "their conduct does not violate 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Hardaway v. Meyerhoff*, 734 F.3d 740, 743 (7th

Cir. 2013) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Courts apply a two-part test to determine whether a defendant is entitled to qualified immunity: 1) whether the conduct complained of violates the Constitution; 2) whether the right was clearly established at the time the conduct occurred. *Id.* at 743 (citing *Pearson v. Callahan*, 555 U.S. 223, 232 (2009)). Either element of the test may be reached first. *Pearson*, 555 U.S. at 236.

Although qualified immunity is an affirmative defense, the burden of meeting the two-part test rests on the plaintiff. *Eversole v. Steele*, 59 F.3d 710, 717 (7th Cir. 1995). Moreover, the Supreme Court has emphasized the importance of resolving qualified immunity questions at the earliest stage possible of litigation. *Saucier v. Katz*, 533 U.S. 194, 202 (2001). The Seventh Circuit has also upheld dismissals on qualified immunity grounds in soy diet cases based on *F.R.C.P.* 12(b)(6), which shares its standard with § 1915A. *See Doe v. Village of Arlington Heights*, 782 F.3d 911, 916 (7th Cir. 2015). Thus, this Court will dismiss claims on qualified immunity grounds where the facts in the Complaint fail to allege the violation of a clearly established constitutional right.

Here the Court has been unable to identify a single case finding that soy-based diets pose a serious risk to prisoner health generally. Nor has it found a case which holds that soy is nutritionally inadequate or that it violates the Constitution. In fact, the Seventh Circuit specifically declined to hold that a soy-based diet violates the Constitution in at least one case. *Johnson v. Randle*, 619 F. App'x 552, 554 (7th Cir. 2015). The Court therefore finds that there is no clearly established constitutional right against soy-based diets and Defendants are entitled to qualified immunity.

**Count 3**

In Count 3, Plaintiff alleges a conspiracy amongst all the defendants to offer a soy-based

7

diet in order to save the institution money. He further alleges that they are distributing the savings amongst themselves in the form of food and by forcing inmates to use the commissary. Plaintiff's allegation that the defendants are loading food into their cars is baseless and conclusory. More to the point, Count 3 does not survive preliminary review because as previously noted, the Complaint allegations do not state a colorable constitutional claim regarding the soy diet – and without an underlying constitutional violation, there can be no conspiracy claim.

Further, the Complaint contains insufficient allegations to support a conspiracy claim. "To establish the existence of a conspiracy, a plaintiff must demonstrate that the conspirators have an agreement to inflict injury or harm upon him." *Sow v. Fortville Police Dept.*, 636 F.3d 293, 304-05 (7th Cir. 2011). "The agreement may be inferred from circumstantial evidence, but only if there is sufficient evidence that would permit a reasonable jury to conclude that a meeting of the minds had occurred and that the parties had an understanding to achieve the conspiracy's objectives." *Id.* at 305 (citation omitted). Here, Plaintiff's mere mention of a conspiracy is insufficient, even at this early stage, to satisfy basic pleading requirements under *F.R.C.P.* 8 or *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (requiring a plaintiff to plead "enough facts to state a claim to relief that is plausible on its face").

The Complaint also fails to articulate a viable conspiracy claim against Defendants for allegedly implementing a soy diet in order to generate revenue. Conspiracy is not an independent basis of liability in Section 1983 actions. *See Smith v. Gomez,* 550 F.3d 613, 617 (7th Cir. 2008); *Cefalu v. Vill. of Elk Grove*, 211 F.3d 416, 423 (7th Cir. 2000). "There is no constitutional violation in conspiring to cover up an action which does not itself violate the

Constitution." *Hill v. Shobe*, 93 F.3d 418, 422 (7th Cir. 1996). Accordingly, will be dismissed without prejudice.

## Count 4

Count 4 arises from Defendants Baldwin and Bailey's failure to respond to Plaintiff's letters and is likewise subject to dismissal. Plaintiff does not allege that he actually used the grievance process, but even if he had, prison grievance procedures are not constitutionally mandated and thus do not implicate the Due Process Clause *per se*. As such, the alleged mishandling of grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). The fact that Defendants may have ignored Plaintiff's letters does not give rise to a due process claim against them.

Grievances may be sufficient to show personal involvement and knowledge in a deliberate indifference claim. *Haywood v. Hathaway*, 842 F.3d 1026, 1031 (7th Cir. 2016); *Perez v. Fenoglio*, 792 F.3d 768, 781 (7th Cir. 2015). But Plaintiff's allegations in this case do not suggest that either Baldwin or Bailey was personally involved in the only remaining deliberate indifference claim (Count 1). Although Plaintiff does not specify what he wrote to Baldwin and Bailey about, the Court assumes the subject of the correspondence was the soy diet itself, and those claims have been dismissed. Without an allegation that he addressed his claim regarding constipation in the letter, Baldwin and Bailey cannot be personally liable for the failure to treat or otherwise address it. Accordingly, Count 4 will be dismissed with prejudice.

## Pending Motions

Plaintiff's Motion for Recruitment of Counsel will be referred to a Magistrate Judge for disposition. (Doc. 2).

Plaintiff's Motion for Service of Process at Government Expense (Doc. 3) is hereby **DENIED** as moot, as the Court will order service having granted Plaintiff leave to proceed IFP.

## Disposition

**IT IS ORDERED** that **COUNT 1** survives threshold review against Defendant Vipen Shah. **COUNT 2** is **DISMISSED** without prejudice against all Defendants for failure to state a claim upon which relief may be granted and on qualified immunity grounds. **COUNT 3** is **DISMISSED** in its entirety without prejudice for failure to state a claim upon which relief may be granted. **COUNT 4** is also **DISMISSED** in its entirety with prejudice against Defendants Bailey and Baldwin as legally frivolous. The only Defendant remaining in this action is Vipen Shah; all other Defendants are dismissed without prejudice.

The Clerk of Court shall prepare for Defendant Shah: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If the Defendant cannot be found at the address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file, nor disclosed by the Clerk.

Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of any document was served on Defendant or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Reona Daly for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to United States Magistrate Judge Reona Daly for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: June 17, 2017**

                                        s/STACI M. YANDLE          

                                        **U.S. District Judge**